NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GRANT, III, | No. C 08-02568 JF (PR) |
| Plaintiff, | ORDER FOR FURTHER INFORMATION |
| vs. | |
| KATHLEEN SMITH, et al., | |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that defendant Kathleen Smith, head of security for the Safeway Corporation, committed perjury by giving false testimony in court during his state conviction. Plaintiff alleges that Safeway Corporation is also liable as Smith's employer. Plaintiff also seeks damages against defendant Lage, an inspector with the Hayward Police Department, for filing a false police report with respect to witness' testimony of a photo line-up. (Compl. 3.) Plaintiff filed a prior action under case number No. C 05-0122 JF (PR), in which he made the same allegation against defendant Lage for filing the same false police report which he challenges in the instant complaint. Because plaintiff was the subject of a pending state criminal prosecution at the time he filed the complaint, the complaint was dismissed under Younger v. Harris, 401 U.S. 37, 43-54 (1971).

Plaintiff is currently incarcerated at San Quentin State Prison, (Docket No. 5), which implies that he is now serving a sentence for a state criminal conviction. If so, any conviction or sentence imposed during the criminal proceedings against him necessarily would be invalidated if he prevailed on the merits of his claim and that the decision in Heck v. Humphrey, 512 U.S. 477 (1994), would guide this Court's analysis.

Plaintiff shall inform the Court whether he was convicted in the underlying criminal proceedings against him. He should file a document in this action ("C 08-02568 JF (PR)") and call it a "Response To Order For Further Information;" in the response, Plaintiff should (1) explain whether he was convicted in the criminal proceedings which

1  he refers to in this action and discuss the current status of the criminal proceedings
2  against him, (2) list all the crimes for which he was convicted and (3) list any sentence
3  imposed.  Plaintiff shall file his Response **within thirty (30) days** of the date this order is
4  filed.
5       Failure to file the Response by the deadline will result in the Court presuming that
6  there is a valid conviction in place as a result of the criminal proceedings against Plaintiff
7  to which he refers in his complaint.
8       IT IS SO ORDERED.
9  DATED: 8/8/08
10                                JEREMY FOGEL
                                  United States District Judge