NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE GRANT, III, | ) | No. C 08-02568 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| KATHLEEN SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. Plaintiff seeks monetary damages for alleged constitutional violations during the course of his state court convictions. Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claim

Plaintiff alleges that Defendant Kathleen Smith, head of security for the Safeway Corporation, committed perjury by giving false testimony in court during his state conviction. Plaintiff alleges that Safeway Corporation is also liable as Smith's employer. Plaintiff also seeks damages against Defendant Lage, an inspector with the Hayward Police Department, for filing a false police report with respect to witness' testimony of a photo line-up.[1] (Compl. 3.) Plaintiff seeks monetary damages from Defendants.

From the information provided by Plaintiff at the request of the Court, it appears that the underlying state conviction from which the claims in the instant complaint arise is a 2006 conviction in Alameda County for four counts of second degree burglary. (Docket No. 8.) In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

[1] Plaintiff filed a prior action under Case No. C 05-0122 JF (PR), in which he made the same allegation against Defendant Lage for filing a false police report which he challenges in the instant complaint. Because Plaintiff was the subject of a pending state criminal prosecution at the time he filed the complaint, the complaint was dismissed under Younger v. Harris, 401 U.S. 37, 43-54 (1971).

1  by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S.
2  477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or
3  sentence that has not been so invalidated is not cognizable under § 1983. <u>Id.</u> at 487.

4       When a state prisoner seeks damages in a § 1983 suit, the district court must
5  therefore consider whether a judgment in favor of the plaintiff would necessarily imply
6  the invalidity of his conviction or sentence; if it would, the complaint must be dismissed
7  unless the plaintiff can demonstrate that the conviction or sentence has already been
8  invalidated. <u>Id.</u> at 487. <u>Heck</u> makes it clear that a § 1983 "cause of action for damages
9  attributable to an unconstitutional conviction or sentence does not accrue until the
10 conviction or sentence has been invalidated." <u>Id.</u> at 489-90 (footnote omitted).

11      Here, Plaintiff's claims allege that he was unlawfully convicted based on false
12 evidence and would, if successful, necessarily imply the invalidity of his state court
13 conviction. As such, Plaintiff's claim is barred by <u>Heck</u>. Plaintiff's complaint is
14 DISMISSED without prejudice to Plaintiff's filing a new complaint if the challenged
15 conviction and sentence are later invalidated. See <u>Trimble v. City of Santa Rosa</u>, 49 F.3d
16 583, 585 (9th Cir. 1995) (claim barred by <u>Heck</u> may be dismissed <u>sua sponte</u> without
17 prejudice under 28 U.S.C. § 1915).

## CONCLUSION

20      Plaintiff's complaint is hereby DISMISSED without prejudice for failure to state a
21 cognizable claim for relief under 42 U.S.C. § 1983.

22      IT IS SO ORDERED.
23 DATED: 5/26/09

                            JEREMY FOGEL
24                             United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JESSE GRANT III,

        Plaintiff,

  v.

KATHLEEN SMITH, et al.,

        Defendants.

Case Number: CV08-02568 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/11/09, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse Grant G-25984
Pelican Bay State Prison
P.O. Box 7500
B-8-121
Crescent City, CA 95532

Dated: 6/11/09

Richard W. Wieking, Clerk